IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BEATRIZ ROSARIO, *et. al.*, <br><br>**Plaintiffs** <br><br> v. <br><br> CROWLEY PUERTO RICO SERVICES, INC., *et. al.*, <br><br>**Defendants** | **CIVIL NO.** 11-1769(JAG) |

**OPINION AND ORDER**

Before the Court stand Defendants'[1] motion to dismiss Plaintiffs'[2] complaint. Plaintiffs' claim is grounded on the admiralty and general maritime law of the United States of America, the Jones Act, 46 U.S.C. § 30104 (formerly 46 U.S.C. § 688), and the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950. Defendants moved to dismiss the complaint; for the reasons outlined below, it is hereby GRANTED.

**BACKGROUND**

Plaintiffs filed an Amended Complaint on August 6, 2011 alleging violations of the general maritime law of the United

---

[1] Defendants are: Crowley Puerto Rico Services, Inc.; Crowley Maritime Services, Inc.; Crowley Towing and Transportation Company, Inc.; Crowley Marine Services, Inc.; Crowley Liner Services, Inc.; and The West of England Ship Owners Mutual Insurance Association's (Luxembourg) (hereinafter "Crowley").
[2] Plaintiffs are: Beatriz Rosario; Víctor M. Escudero-Rosario; and Enid Beatriz Escudero.

States, the Jones Act, 46 U.S.C. § 30104, and the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950. The Amended Complaint states that on July 30, 2010, Mr. Víctor Escudero-Aponte (hereinafter "Escudero"), a seaman and/or stevedore, resident of Puerto Rico, suffered an injury during the course of his employment aboard Defendants' vessel, the TMT Freight Barge Jacksonville. While the vessel was docked in the territorial and navigable waters of Puerto Rico and Escudero was working aboard the vessel, he was struck by a container chassis being driven in reverse by another employee, causing trauma to his right leg. Escudero died on August 6, 2010 as a result of his injuries. Escudero's employer was insured in accordance with the Puerto Rico Workmen's Accident Compensation Act (PRWACA) and Plaintiffs received benefits thereunder. Plaintiffs then brought suit, alleging that the negligence of Defendants, failure to provide safe working conditions, and the unseaworthiness of their vessels were the proximate cause of decedent's injuries, and therefore Plaintiffs' alleged damages.

Plaintiffs claim that under the Longshore and Harbor Workers' Compensation Act (LHWCA), benefits may be received concurrently under state and federal workers' compensation systems, so long as amounts paid for the same injury, disability, or death are offset against benefits paid under the aforementioned Act. Similarly, any amount recovered under the

**CIVIL NO.** 11-1769(JAG)                                                    3

Jones Act for a seaman's disability or death is also offset against LHWCA's benefits. Defendants argue that Plaintiffs' claim should be dismissed because they are shielded by the Puerto Rico Workmen's Accident Compensation Act (PRWACA) employer immunity provision.

## STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss an action for failure "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 (2009). "Facial plausibility" is attained when plaintiff pleads factual content that allows the court to reasonably infer that defendant has incurred in the alleged misconduct. Id. Thus, to survive a Rule 12 (b)(6) motion to dismiss, the complaint must allege sufficient facts to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Federal Rules do not require an exhaustive, detailed complaint; however, in accordance with the underpinning principle of our judicial system, allegations must contain enough "heft" to satisfy the requirement of providing fair notice of the nature of the claim and the grounds upon which it rests. Id.; see also, Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008). Moreover, the First Circuit has held that "dismissal

for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Gagliardi v. Sullivan</u>, 513 F.3d 301, 305 (1st Cir. 2008).

When assessing the sufficiency of a complaint, courts must distinguish between well-pleaded facts and "bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like," taking into account the former and safely disregarding the latter. <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir.1996). In adjudicating plaintiffs entitlement to recovery courts assume the truth of all well-pleaded averments. Nonetheless, statements that "merely offer legal conclusions couched as facts, or threadbare recitals of the elements of a cause of action" will be rejected. <u>Ocasio-Hernández v. Fortuño Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).

## DISCUSSION

In the case at bar, the Court finds that the Puerto Rico Workmen's Accident Compensation Act (hereinafter PRWACA) holds the exclusive remedy for covered employees injured during the course of their employment. As a result, Plaintiffs fail to state a claim upon which this Court may grant relief; consequently, the complaint shall be dismissed.

Pursuant to PRWACA, the right to compensation of an employee who suffers an injury, illness, is disabled or dies as a consequence of his or her employment is limited to the statutory compensation offered by the State Insurance Fund, so long as the employer is insured under applicable law. Santiago Hodge v. Parke Davis Co., 1990 JTS 42, 1990 WL 657532 P.R. Offic. Trans. (P.R. Mar. 21, 1990). Section 21 of PRWACA expressly states that "[w]hen an employer insures his workmen or employee in accordance with this chapter, the right herein established to obtain compensation **shall be the only remedy** against the employer, even in those cases where maximum compensations and benefits have been granted in accordance thereof…." Tit. 11 P.R. Laws Ann. § 21. (emphasis added).

> In the Commonwealth of Puerto Rico, unlike anywhere else in the United States, when a seaman [or a longshoreman], who is a resident of Puerto Rico, is injured within the territorial waters of Puerto Rico while working for a company insured under the Puerto Rico State Insurance Compensation Fund, his exclusive remedy lies pursuant to the PRWACA. Reeser v. Crowley Towing & Transp. Co., Inc., 937 F. Supp. 144, 147 (D.P.R. 1996).

Plaintiffs allege that the jurisdiction in this case is based on the admiralty and general maritime law of the United States, the Jones Act, and the Longshore and Harbor Workers' Compensation Act. Nonetheless, Plaintiffs fail to consider that not all provisions of the federal constitution are automatically enforceable within the borders of Puerto Rico, since Puerto Rico

is an unincorporated territory. See Guerrido v. Alcoa Steamship Co., 234 F.2d 349 (1st Cir. 1956). The rules of admiralty and maritime law are presently in force in Puerto Rico "to extent that they are not locally inapplicable either because they are not designed to apply to Puerto Rican waters or because they have been rendered inapplicable to such waters by inconsistent Puerto Rican legislation." Id., at 355 (1st Cir. 1956). By way of PRWACA, the Commonwealth of Puerto Rico has validly enacted legislation that is inconsistent with the Jones Act, the LHWCA and the general maritime law of the United States. See Garcia v. Friesecke, 597 F.2d 284 (1st Cir. 1979); Fonseca v. Prann, 282 F.2d 153 (1st Cir. 1960), cert. denied, 365 U.S. 860 (1961) (PRWACA preempts seamen's actions, brought against their employers and based on general maritime law, for negligence and unseaworthiness); Alcoa Steamship Company v. Perez Rodriguez, 376 F.2d 35 (1st Cir. 1967) (PRWACA displaces LHWCA and forecloses *in rem* suit based on unseaworthiness by longshoreman against his employer's vessel as though it were a third party independently liable); Construction Aggregates Corp. v. Rivera de Vicenty, 573 F.2d 86 (1st Cir. 1978) (citing Mojica v. Puerto Rico Lighterage Company, 492 F.2d 904 (1st Cir. 1974) (holding that PRWACA provides exclusive remedy for a worker injured on a tug against his employer, the tug owner)).

The United States Court of Appeals for the First Circuit and the Puerto Rico Supreme Court have consistently upheld the right, bequeathed by Congress, of Puerto Rico's legislature to enact laws that supplant federal maritime law. As <u>Perez de la Cruz v. Crowley Towing & Transportation Co.</u>, 807 F.2d 1084, 1087 (1st Cir. 1983) notes:

> [There is] an unbroken line of cases dating back to 1924 in which [the United States Court of Appeals for the First Circuit] has held that **Congress**, in [48 U.S.C.] § 749 **and its predecessors gave Puerto Rico the power to supplant federal maritime law in favor of the PRWACA for covered accidents involving seamen that occur in Puerto Rico's local waters**.... In <u>Lusson</u> [the First Circuit] held that because of the power Congress delegated to Puerto Rico in § 749, PRWACA displaces the Jones Act as the exclusive remedy for covered seaman injured by insured employers in Puerto Rican waters. <u>Perez de la Cruz</u>, 807 F.2d at 1087 (emphasis added).

Without a doubt, then, Plaintiffs' contention that they may choose either federal or state law in this instance is clearly erroneous. PRWACA provides the sole rule of decision here. Accordingly, the Court will proceed to examine whether Crowley is shielded by PRWACA's employer immunity doctrine.

There are four factors that need to be met for PRWACA employer's immunity to apply. To wit: (1) it must be determined that the employer is authorized to do business in Puerto Rico; (2) the employer must have insured its employees under PRWACA; (3) the accident must have occurred within the territorial

waters of Puerto Rico; and (4) the injured seaman must have been a resident of Puerto Rico at the time of the accident. See Reeser, 937 F. Supp. at 148 (citing Lusson, 704 F.2d at 650; Perez de la Cruz, 807 F.2d at 1085-1086); see also P.R. Laws Ann. Tit. 11 § 21.

As the pleadings reveal, PRWACA's employer immunity undoubtedly applies to this case. Plaintiffs admitted that Escudero's employer (Crowley Liner Services Puerto Rico, Inc.) and Escudero's statutory employer (Crowley Puerto Rico Services) were both duly authorized to do business in Puerto Rico. (Docket No. 2, p. 4-5; Docket No. 22, p. 36). They also acknowledged that Crowley Liner Services Puerto Rico, Inc. provided its employees insurance under PRWACA. (Docket No. 12-1; Docket No. 12-2 at ¶ 11). Furthermore, Plaintiffs admitted that at the time of the incident, the Barge Jacksonville was docked in the territorial and navigable waters of Puerto Rico. (Docket No. 2, ¶ 17 p.8). Lastly, the complaint alleges that Escudero was a resident of Puerto Rico. (Docket No. 2, Sec. 2, p. 3). Therefore, this case is on all fours with the test outlined in Reeser, 937 F. Supp. at 148. Plaintiffs' exclusive remedy lies solely under PRWACA.

For over 80 years, Congress and the Court of Appeals for the First Circuit have consistently upheld the line of cases

that grant Puerto Rico the power to supplant federal maritime law in favor of PRWACA. See Reeser, 937 F. Supp. at 149. "Congress, in enacting Longshoremen's Compensation Act, intended to prevent its new compensation act from superseding the existing Puerto Rican compensation act with respect to longshoremen who were injured in Puerto Rican waters." Guerrido, 234 F.2d at 356; Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901-950; Tit. 11 P. R. Laws Ann. §§ 1-42. The Court is not entirely sure why Plaintiffs chose to ignore the overwhelming weight of precedent in filing the present complaint.

## CONCLUSION

In light of the above, Plaintiffs fail to state a claim upon which this court may grant them relief. It is through PRWACA, rather than through the federal court, that Plaintiffs must seek redress. Accordingly, this case is hereby DISMISSED.
IT IS SO ORDERED.
In San Juan, Puerto Rico, this 28th day of September, 2012.

                                              S/ Jay A. Garcia-Gregory
                                              JAY A. GARCIA-GREGORY
                                              United States District Judge