**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

BEATRIZ ROSARIO, *et. al.*,

**Plaintiffs**

v.

CROWLEY PUERTO RICO SERVICES, INC., *et. al.*,

**Defendants**

**CIVIL NO.** 11-1769(JAG)

**OPINION AND ORDER**

Garcia-Gregory, D.J.

     Currently before the Court is Plaintiffs' Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] Plaintiffs seek an amendment of the Court's September 28, 2012 judgment, which dismissed their complaint with prejudice for failure to establish a claim entitled to relief. For the reasons outlined below, Plaintiffs' Motion to Alter or Amend Judgment is hereby **DENIED**.

---

[1] The Plaintiffs are Beatriz Rosario, Víctor M. Escudero-Rosario, and Enid Beatriz Escudero.

CIVIL NO. 11-1769(JAG)                                               2

## FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2010, Mr. Víctor Escudero-Aponte ("Escudero"), a seaman and/or stevedore, resident of Puerto Rico, suffered an injury during the course of his employment aboard Defendants' vessel, the TMT Freight Barge Jacksonville. While the vessel was docked in the territorial and navigable waters of Puerto Rico and Escudero was working aboard the vessel, he was struck by a container chassis being driven in reverse by another employee, causing trauma to his right leg. Escudero died on August 6, 2010 as a result of his injuries.

On August 6, 2011, Plaintiffs filed an Amended Complaint on the grounds of the general admiralty law of the United States, the Jones Act, and the Longshore and Harbor Workers' Compensation Act. On September 28, 2012, the Court held that Plaintiffs failed to state a claim upon which relief could be granted, given their sole remedy lied within the Puerto Rico Workmen's Accident Compensation Act ("PRWACA"), rather than federal law. As an insured employer under PRWACA, Crowley was entitled to employer immunity for the work-related injuries and death of Escudero. Accordingly, the Court entered judgment dismissing Plaintiffs' complaint with prejudice. (Docket No. 36).

CIVIL NO. 11-1769(JAG)                                             3

Plaintiffs then filed a Motion to Amend or Alter Judgment, averring that granting the motion was necessary to prevent manifest injustice. (Docket No. 38) Plaintiffs, however, do not seek to amend or alter judgment as to the dismissal under PRWACA's immunity doctrine in favor of appearing Defendants[2]. Rather, Plaintiffs now ask the Court to allow the complaint to proceed against other unnamed Defendants who are not covered by the statutory immunity doctrine under PRWACA. Plaintiffs argue that dismissal of the claim in its entirety would bar them from carrying on legal proceedings against other Defendants who could be held liable for negligence or damages in either federal or state court.

### STANDARD OF LAW

Pursuant to Fed.R.Civ.P. 59(e), a party may move the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." Colon v. Fraticelli, 181 F.Supp.2d 48, 50 (D.P.R. 2002) (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). Rule 59(e), however, is "aimed at reconsideration, [and] not initial consideration," and thus is not a proper mechanism to advance arguments that should have been presented before

---

[2] Defendants are: Crowley Puerto Rico Services, Inc.; Crowley Maritime Services, Inc.; Crowley Towing and Transportation Company, Inc.; Crowley Marine Services, Inc.; Crowley Liner Services, Inc.; and The West of England Ship Owners Mutual Insurance Association's (Luxembourg) ("Crowley").

CIVIL NO. 11-1769(JAG)                                                    4

judgment was entered, but were not. See Jorge Rivera Surillo &

Co., Inc. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st

Cir. 1994) (citing F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16

(1st Cir. 1992)); see also Aybar, 188 F.3d at 16.


## DISCUSSION

To cater to Plaintiffs' request, the Court would need to

allow them to amend their complaint to include new parties and

new claims. Not only that, but the Court would also need to

allow Plaintiffs additional time to serve those parties under

Fed. R. Civ. P. 4, as the original time has elapsed long ago.

Because Plaintiffs have not been diligent in prosecuting their

case, the Court DENIES Plaintiffs' request.

Extension of Time to Serve Unknown Defendants

It is well known that "effectuation of service is a

precondition to suit." See Jenkins v. City of Topelka, 136 F. 3d

1274, 1275 (10th Cir. 1998). The service of process is the

method through which a court may acquire jurisdiction over a

defendant. In the absence of service of process, a court may not

exercise power over a party the complaint names as defendant.

See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526

U.S. 344, 350 (1999). There is time limit of 120 days during

which the plaintiff must deliver a summons and a copy of the

complaint. See FED. R. CIV. P. 4(m).

The Court may extend the period for service of process if the plaintiff shows good cause for the delay. Good cause is shown "when some outside factor ... rather than inadvertence or negligence, prevented service." Mann v. Castiel, 681 F.3d 368, 374 (D.C. Cir. 2012). However, courts have established that simple attorney neglect does not constitute a basis for "good cause". See Floyd v. U.S., 900 F.2d 1045 (7th Cir. 1990). Under Rule 4(m), if "good cause" is shown, "district courts must grant an extension and, if none is shown, it is discretionary whether to dismiss or not." Cuebas v. Davila, 618 F. Supp. 2d 124, 132 (D.P.R. 2009).

"Where unknown defendants exist, however, courts must take into account a plaintiff's good faith investigation to determine if 'good cause' exists" to justify non-compliance with Rule 4. Id. "As a general matter a plaintiff may bring suit against a fictitious or unnamed party where a good faith investigation has failed to reveal the identity of the relevant defendant and there is a reasonable likelihood that discovery will provide that information." Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 8 (1st Cir. 2007); see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Plaintiffs request the Court to permit the continuance of the case against defendants whose identities have not yet been discovered and to whom service of process has not yet been

CIVIL NO. 11-1769(JAG)                                                    6

delivered. This request would entail affording Plaintiffs additional time to investigate and ascertain the identity of those defendants, as well as time to effectuate service upon them.

Unfortunately, Plaintiffs do not offer any reasonable excuse –other than their own negligence or lack of diligence- for their failure to comply with Rule 4 within the specified time limit. Plaintiffs have also not shown they have made any reasonable effort to procure the names of their possible tortfeasors. More than two years have passed since the date of the accident which led to this claim, and Plaintiffs have not demonstrated diligence in trying to ascertain the identity of the unnamed Defendants. See Corey-Lanuza v. Medic Emergency Specialties, Inc., 229 F. Supp. 2d 92 (D.P.R. 2002). "[T]he record is devoid of any measures having been utilized —either judicial or extrajudicial— in this direction." Id. at 99.

Plaintiffs complain that because the appearing Defendants did not answer the Complaint, the discovery process never initiated before the case was dismissed. Thus, Plaintiffs argue that it was not possible for them to know whether other Defendants were covered or not by the employer immunity doctrine. By their own admission, Plaintiffs appear to have relied solely on the discovery process and hold the appearing Defendants responsible for their failure to substitute

CIVIL NO. 11-1769(JAG)                                                    7

fictitious names for real names. But Plaintiffs cannot stand idle and rest entirely upon Defendants for the discovery of information. "Plaintiff[s] must be diligent in procuring the substitution." Id. at 103. They have not done so, and their omission spells doom for their request.

Amendment of Claims under Article 1802

Plaintiffs' motion would also require the complaint to be amended to include new state law claims. In light of the Court's ruling above, this request is moot.

**CONCLUSION**

"Manifest injustice does not exist where, as here, a party could easily have avoided the outcome, but instead elected not to act until after a final order had been entered." Ciralsky v. CIA, 355 F.3d 661, 673 (D.C. Cir. 2004). For the reasons stated above, Plaintiffs motion to alter or amend judgment is **DENIED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of January, 2013.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge